IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00385-WYD-MEH

CHARLOTTE BISHELLI,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation; and
CYNTHIA LIPSCOMBE,

     Defendants.

**ORDER**

THIS MATTER is before the Court on Plaintiff Charlotte Bishelli's Motion for Remand, filed March 26, 2007 (docket #7).

Plaintiff initially filed this breach of contract and bad faith case against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and Cynthia Lipscombe in Adams County District Court, Colorado on January 15, 2007. Defendant State Farm filed a Notice of Removal in this Court on February 22, 2007 (the "Notice").  Defendant Libscombe did not join in the Notice of Removal.  In the motion for remand, Plaintiff contends that remand is proper because complete diversity does not exist in this case, and that Defendant has failed to establish the amount in controversy exceeds $75,000.

### A. <u>Diversity</u>

I first address Plaintiff's assertion that remand is proper because complete diversity does not exist in this case. For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a). Defendant State Farm is incorporated and has its principal place of business in the State of Illinois. While Defendant Libscombe is alleged to be a citizen of Colorado, State Farm contends in its Notice that her involvement in this case is "non-substantive and should not defeat diversity jurisdiction." State Farm states that Plaintiff has settled her claims against Defendant Libscombe and released her from liability, and that the only reason Defendant Libscombe is named in this action is because of a provision in Plaintiff's insurance contract with State Farm requires Plaintiff to assert claims against the driver of an uninsured/underinsured vehicle. State Farm also notes that in March, 2006, after it filed its Notice, the state court entered an order dismissing Defendant Lipscombe from this case based on Plaintiff's failure to prosecute. It is State Farm's position that there is no cause of action against Defendant Lipscombe, and her joinder does not defeat diversity jurisdiction.

In the motion to remand, Plaintiff contends that Defendant Lipscombe is a proper party to this case because she cannot recover her underinsured motorist benefits without naming Defendant Lipscombe, per certain terms in her insurance contract with State Farm. Plaintiff has alleged in her complaint that Defendant Libscombe, an underinsured driver, was the sole cause of the motor vehicle accident which is the

subject of this dispute, and has asserted two claims against Defendant Libscombe for negligence and negligence per. It is Plaintiff's position that remand is not proper unless Defendant State Farm can establish that Plaintiff's joinder of Defendant Lipscombe was fraudulent and that Defendant State Farm has failed to do so. Plaintiff cites *Dailey v. Elicker*, 447 F.Supp. 436, 438 (D. Colo. 1978), in which the district court stated that the citizenship of a non-diverse defendant who is proper, even though not an indispensable party, must be considered when determining diversity jurisdiction, and may only be disregarded where the joinder was made without any reasonable basis, solely to defeat diversity.

In a supplemental response to the motion to remand, State Farm contends that while it initial agreed to waive the provision in its insurance agreement with Plaintiff that would require her to name Defendant Lipscombe in this case, it recently discovered that the policy provision at issue was not part of the insurance agreement in effect at the time of the accident. Attached to State Farm's supplement is an Amendatory Endorsement, that deletes in its entirety the provision Plaintiff relies upon as the basis for naming Defendant Lipscombe in this case. In her reply, Plaintiff does not dispute State Farm's assertion that she has settled her dispute with Defendant Lipscombe, nor does she address State Farm's argument that the provision in the insurance agreement that would have required her to name Defendant Lipscombe was not in effect at the time of the accident. "The joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1403 (D.

Colo. 1989). Based on the record before me, I find that Defendant Lipscombe is not a proper party in this case, that Plaintiff has no cause of action against Defendant Lipscombe, and that Defendant Lipscombe's citizenship may be disregarded for purposes of determining diversity jurisdiction in this case.

    B.    <u>Amount in Controversy</u>

I next address Plaintiff's argument that Defendant has failed in its burden to affirmatively show that the minium amount in controversy in this case exceeds $75,000. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "Generally, 'the amount sued for fixe[s] the amount in controversy' for jurisdictional purposes. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999). While it is true that in a removal case, "it is the obligation of the removing defendant to establish that the amount in controversy requirement has been satisfied," *id.* (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)), "the burden is 'rather light' if the sum claimed by the plaintiff exceeds the jurisdictional amount." *Id.* (quoting 14B Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3702 at 44). Furthermore, "where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court

of that the parties have colluded to that end.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

Here, Defendant states in the notice of removal that Plaintiff "has certified in the state court that she seeks a monetary judgment against Defendant for more that $100,000, excluding interest and costs," in her civil cover sheet. I agree with Plaintiff that a parties' representation made on a Colorado's C.R.C.P. 16.1 Case Management Cover Sheet regarding the amount of monetary judgment sought in the case should not be construed as a factual representation or admission for determining whether the amount in controversy in a case is in excess of $75,000 for removal purposes. *Arcadia Lodging, LLP v. Landamerica Financial Group*, 2007 WL 437771 (D. Colo., Feb. 6, 2007). However, the allegations in Plaintiff's complaint clearly seek sums in excess of $75,000. Specifically, Plaintiff seeks "up to $75,000" in uninsured motor vehicle coverage, in addition to treble damages, interest, and attorneys fees in connection with her claim for unpaid PIP benefits. Therefore, I find that Plaintiff seeks sums in excess of $75,000 and the amount in controversy is met.

In conclusion, I find that Plaintiff Charlotte Bishelli's Motion for Remand, filed March 26, 2007 (docket #7), should be **DENIED.**

Dated: May 15, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge