IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00385-WYD-MEH

CHARLOTTE BISHELLI,

    Plaintiff,
v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and
CYNTHIA LIPSCOMBE,

    Defendants.
_____

**ORDER ON MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S COUNSEL**
_____

State Farm has filed a motion to compel the deposition of Plaintiff's counsel [Docket #80]. The matter is fully briefed and has been referred to this Court [Docket #81]. Oral argument would not materially assist the Court in adjudicating this motion. As set forth below, the Court **grants** the Motion to Compel.

**I.    FACTS**

Plaintiff purchased an automobile insurance policy from Defendant State Farm. Defendant Lipscombe is alleged to have caused an accident that injured Plaintiff. Plaintiff alleges that the money recovered from Lipscombe is insufficient to compensate for her damages and made a demand on State Farm under her coverage for underinsured motorist benefits (UIM). State Farm made an offer of settlement that Plaintiff considered inadequate, and she brought this lawsuit. She includes claims of bad faith.

The Motion is premised on State Farm's allegation that during a period of time, Plaintiff's counsel functioned as a claims adjuster for the Plaintiff, having several contacts with State Farm in

an attempt to obtain benefits and going so far as to fill out and submit the application for PIP benefits, which State Farm alleges contains material misrepresentations. Plaintiff seeks exemplary damages for State Farm's actions or inactions in response to communications initiated or authored by Plaintiff's counsel.

## II. DISCUSSION

Plaintiff's primary defense to the motion is the well-founded principle that the deposition of a litigant's attorney must be viewed with great circumspection and is permitted only in very narrow circumstances. It is a request that must be discouraged for obvious reasons relating to the potential adverse effect on the Plaintiff, particularly if the testimony reveals that the attorney must withdraw as counsel under the rules on professional conduct. Indeed, prior to this Order, the Court is unaware of every having authorized such a deposition in its many hundreds of cases.

The Court is conscious that it must shield the Plaintiff from such a request if the Court perceives that it is made for purposes of harassment or other improper reason. The Court is convinced that such is not the case here (Plaintiff's allegations notwithstanding). Furthermore, the Court does not make any finding concerning the ultimate admissibility of Plaintiff's counsel's testimony, a decision left to the discretion of the District Judge. For purposes of taking a fact deposition, however, State Farm has established a sufficient evidentiary basis. Moreover, the Court is convinced that precedent in the Colorado courts contemplates an occasional deposition of this nature. *E.g.*, *Taylor v. Grogan*, 900 P.2d 60, 61 (Colo. 1995); *Parsons ex rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 819 (Colo. App. 2006); *First Nat'l Bank of Wray v. McGinnis*, 819 P.2d 1080, 1085 (Colo. App. 1991).

State Farm is cautioned, however, that the Court views this Order as permitting exceptional

relief, and counsel for State Farm must be conservative in pressing any area of inquiry that potentially violates the attorney client privilege or work product doctrine. The Court will carefully review any objections raised during Plaintiff's counsel's deposition.

## III. CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Deposition [filed February 29, 2008; Docket #80] is **granted**.

Dated at Denver, Colorado, this 14th day of April, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge