IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00385-WYD-MEH

CHARLOTTE BISHELLI,

    Plaintiff,
v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and
CYNTHIA LIPSCOMBE,

    Defendants.

___

**ORDER ON DEFENDANT STATE FARM'S MOTIONS TO COMPEL
RESPONSES TO WRITTEN DISCOVERY REQUESTS**
___

Before the Court are State Farm's Motion to Compel re: Plaintiff's Response to State Farm's First Set of Requests for Production of Documents and First Set of Interrogatories [Docket #76] and State Farm's Motion to Compel re: Plaintiff's Responses to State Farm's Second Set of Requests for Production of Documents and Second Set of Interrogatories [Docket #82]. The matters are fully briefed and have been referred to this Court [Docket ##77, 83]. Oral argument would not materially assist the Court in adjudicating these motions. As set forth below, the Court **grants in part and denies in part** the Motions to Compel.

**I.    FACTS**

Plaintiff purchased an automobile insurance policy from Defendant State Farm. Defendant Lipscombe is alleged to have caused an accident that injured Plaintiff. Plaintiff alleges that the money recovered from Lipscombe is insufficient to compensate for her damages and made a demand on State Farm under her coverage for underinsured motorist benefits (UIM). State Farm made an offer of settlement that Plaintiff considered inadequate, and she brought this lawsuit. She includes

claims of bad faith. In these motions, State Farm seeks supplementation of Plaintiff's responses to written discovery.

## II. LEGAL STANDARD

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004). In diversity jurisdiction cases, such as this one, state law controls any issues of privilege raised by the parties. *Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). The Court will address each request in turn.

In doing so, the Court is mindful of the principle that a general reference to responsive documents is an insufficient response. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) ("Plaintiff may not merely refer Defendants to other pleadings or its disclosures hoping that Defendants will be able to glean the requested information from them."). "[A] party responding to discovery has a duty to answer requests for production in a manner that is complete, explicit and responsive." *Cache La Poudre Feed, LLC v. Land O'Lakes Farmland Feed, LLC*, No. 04-0329, 2007 U.S. Dist. LEXIS 15277, *61 (D. Colo. Mar. 2, 2007) Even if documents are produced in lieu of an answer, as provided by Fed. R. Civ. P. 33(d), the response must identify the specific responsive documents. *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304, 1996 U.S. Dist. LEXIS 10014,

*8 (D. Kan. July 22, 1996) ("To rely on Rule 33(d), parties must identify in their answers to interrogatories specifically which documents contain the requested information. If they cannot comply with these requirements, they must otherwise answer the interrogatories fully and completely.") (citing cases).

## III. FIRST MOTION TO COMPEL

Request for Production No. 4

Defendant seeks an authorization for release of Plaintiff's Social Security records. Plaintiff argues that she will produce all relevant records from her Social Security files upon her receipt of them. Although Plaintiff explains that she has encountered difficulty in obtaining these documents, Plaintiff stated she would obtain the documents in her first response to written discovery dated November 16, 2007. Dock. #76, Exh. D at 3. Five months later, Defendant has yet to receive the documents. At this time, the Court believes it is necessary to require the release requested by Defendant. Considering Colorado's waiver rule for personal injury cases, *see Alcon v. Spicer*, 113 P.3d 735, 739 (Colo. 2005), the documents requested are relevant to this action in that Plaintiff has listed lost income in her claim for damages when she previously sought Social Security disability benefits. Dock. #1, Exh. B, Amended Complaint at 12. The request is granted, and Plaintiff shall provide the signed release on or before May 7, 2008.

Request for Production No. 5

Defendant seeks an authorization for release of Plaintiff's insurance file with Defendant Lipscombe's insurance carrier. Plaintiff again states that she will provide these documents but has not done so, although Defendant's request was submitted to Plaintiff's counsel six months ago. Accordingly, Plaintiff shall provide either the insurance file or the release requested on or before

May 7, 2008.

<u>Request for Production No. 6</u>

Defendant seeks an authorization for release of all medical records. Plaintiff points out that these records are privileged under Colorado law, and that she has provided all relevant documents in her possession. In reply, Defendant contends that recent disclosures indicate the existence of more relevant documents than have previously been produced. While a blanket release is improper, an appropriate release can be tailored to "'the cause and extent of the injuries which form the basis for a claim for relief.'" *Weil v. Dillon Cos.*, 109 P.3d 127, 131 (Colo. 2005) (quoting *Samms v. Dist. Court*, 908 P.2d 520, 525 (Colo. 1995)). In this case, Plaintiff is seeking damages for Defendant State Farm's refusal to pay for her lumbar fusion surgery. Medical records sought by Defendant that relate to any complaints by Plaintiff of pain in her back or prior injuries to her back are, therefore, related to the cause and extent of Plaintiff's injuries. The information provided by the parties is not sufficient for this Court to determine the scope of an appropriate release under Colorado law.

Accordingly, on or before May 9, 2008, Defendant State Farm shall submit to the Court a list of all medical providers for which a medical release is requested with an explanation as to how these records are not privileged under controlling case law. Plaintiff may submit any objections to the authorizations requested on or before May 12, 2008. While the ideal process may be for Plaintiff's counsel to obtain these records and provide a privilege log to Defendant, the requests at issue were submitted to Plaintiff approximately six months ago. Such a slow response time for discovery is unacceptable under the Federal Rules of Civil Procedure, and this Court must ensure that a just and speedy determination of this matter is reached. *See* Fed. R. Civ. P. 1. Defendant's request for a blanket release is, therefore, denied. The Court will determine the scope of the releases

4

as set forth herein.

Request for Production No. 7

Defendant seeks the entire file for all experts Plaintiff intends to call at trial. Plaintiff has agreed to produce these documents. Accordingly, the request is granted, and supplementation is to be completed on or before May 7, 2008.

Request for Production No. 9

Defendant requests all documents reflecting the damage to the vehicle Plaintiff was driving in the March 23, 2005 automobile accident, and Defendant admits that it has some post-accident photographs. Plaintiff states that she is in the process of gathering responsive documents and contends that any disclosure is cumulative of the information State Farm admits is in its possession. Defendant's requests are clearly broader than the photographs in its possession, and the documents requested are relevant. Accordingly, the request is granted, and Plaintiff shall supplement her responses on or before May 7, 2008.

Interrogatory No. 1

Defendant seeks a breakdown of the $76,687.50 of Plaintiff's "unpaid medical bills." Plaintiff states that she has provided the information through the disclosure of all unpaid medical bills. Defendant is entitled to a specific response to its request. Plaintiff asserts a specific sum of unpaid medical bills, which she clearly calculated to an exact sum. This listing should be provided to Defendant on or before May 7, 2008. The request is granted.

Interrogatory No. 7

Defendant requests information regarding all medications Plaintiff has taken as a result of the injuries sustained from the accident. Plaintiff believes it is appropriate to simply refer to all

5

pharmacy records and medical records to answer the request, rather than provide the listing requested by Defendant. The request is granted. The option of producing records in lieu of answering a request is limited to records kept in the ordinary course of business, which still requires reference to specific documents. Fed. R. Civ. P. 33(d). Plaintiff's response is inappropriate, and a specific answer shall be provided on or before May 7, 2008.

Interrogatory No. 9

Defendant asked whether Plaintiff, prior to the accident, had any complaints or injuries involving the same part of her body allegedly injured in the accident. In its motion, Defendant identifies insufficiencies in Plaintiff's response, to which Plaintiff has only stated she cannot remember everything. Defendant correctly points out that Plaintiff has access to her medical records, including for incidents prior to her move to Colorado. The request is granted, and a specific answer shall be provided on or before May 7, 2008.

**IV.    SECOND MOTION TO COMPEL**

Request for Production Nos. 10, 12, 14, 20

For each request, Plaintiff has provided the information by supplementing her Rule 26(a)(1) disclosures, rather than supplementing her responses to specific discovery requests. To ensure that the obligation to supplement continues under the appropriate discovery rules, and noting that such supplementation did not occur until after Defendant filed a motion to compel, the requests are granted. Plaintiff is under a continuing obligation to supplement her specific responses to these requests for production. Fed. R. Civ. P. 26(e)(1).

Request for Production No. 11

Similar to the above requests, Plaintiff states that she has disclosed all responsive documents.

Defendant expresses concern that certain responsive documents have not been produced. The request is granted, and Plaintiff is reminded her of continuing obligation to supplement her specific response to this request for production.

Request for Production Nos. 17 – 19

Defendant seeks all documents on which Plaintiff relies to support her claims of bad faith. Plaintiff argues that the documents are equally available to Defendant, and that she need not respond. The request asks for specific documents. At a minimum, Plaintiff must identify each document, and, if the document is in Defendant's possession or has already been produced, state the location of the document. The request is granted.

Interrogatory No. 12

Plaintiff states that she "will supplement" this response and apparently did submit some information. However, Defendant contends that it cannot locate responsive documents in the supplement. For purposes of clarity and considering Plaintiff's obligation to respond specifically to each request, the request is granted.

Interrogatory No. 13

Plaintiff states that she is in the process of obtaining the responsive documents. The request was submitted to Plaintiff in January, and Defendant has not yet received a response. The request is granted, and Plaintiff shall supplement her response on or before May 7, 2008.

Interrogatory No. 15, 16, 17, 19, 20

For each request, Defendant requested that Plaintiff list each "statement, act, omission, instance of conduct, and/or communication" that supports her claims for breach of contract, for bad faith, or for certain allegations in the Complaint. Plaintiff states that she has listed the general

factual allegations supporting her claims, such as the allegations that Defendant repeatedly failed to pay her medical bills and also failed to make a reasonable offer on Plaintiff's UIM claim. The Court believes that if Plaintiff persists in her position that this is a full response, at trial she will be prohibited from introducing specific, itemized instances of failure to pay bills and failure to make reasonable offers. Of she intends to introduce such specific instances of communication or noncommunication, she must provide these in discovery. If Plaintiff desires to rely on, or introduce at trial, any *specific* acts, communications, etc. to support her claims or allegations that are the subject of these interrogatories and which are not listed in her discovery responses, she must supplement her responses to include such information on or before May 7, 2008. Otherwise, it would be this Court's recommendation that specific instances of communication or omission by Defendant in support of the breach of contract and bad faith claims be barred at trial. Plaintiff's supplementation shall specifically be directed to the intended interrogatory.

Interrogatory No. 21

Defendant requests a list of all medical bills paid by Plaintiff. Plaintiff objects based on the collateral source rule. While such an objection may go to the admissibility of evidence at trial, it does not affect relevance. Moreover, Plaintiff's current response is apparently inaccurate, since it includes medical bills not paid by Plaintiff. Defendant articulates a sufficient basis for relevance in its reply. The request is granted, and Plaintiff shall provide a specific supplementation on or before May 7, 2008.

Interrogatory No. 23

Defendant seeks a list of all physicians or medical providers who have provided treatment to Plaintiff since 1987. Plaintiff contends that a 10-year time frame is more appropriate, while

8

Defendant argues the extra five years are necessary because Plaintiff stated she had experienced back and neck problems 15 years ago. Defendant further references a traumatic incident in 1987 for which Plaintiff has continued to take medication. Generally, a 10-year time frame would seem appropriate. Given the fact that Defendant references specific instances which are relevant to the claimed injuries, the extra five years requested by Defendant are reasonable in this case. The request is granted, and Plaintiff shall provide a specific supplementation on or before May 7, 2008.

Interrogatory No. 24

Defendant requested the amount of money Plaintiff received in settlement from any other party for the June 7, 2003, accident. Plaintiff's responses indicates the net amount she received after payment of medical bills and attorney's fees. Plaintiff's reading of the interrogatory is inaccurate, and a correct response is required. Although Defendant apparently now knows the amount of the settlement, Plaintiff should respond completely and accurately, since a portion of her settlement covered both medical bills and attorney's fees. The request is granted, and Plaintiff shall provide a specific supplementation on or before May 7, 2008.

Interrogatory No. 27

Defendant seeks information regarding Plaintiff's initial diagnosis for fibromyalgia. Plaintiff objects that the information sought is irrelevant to this case. As noted by Defendant, the information is relevant to both Plaintiff's pre-accident and post-accident condition. While the parties may disagree as to the meaning of Dr. Sabin's report, Defendant has sufficiently established the relevance of these records to this case under both the broad rules of discovery and under the waiver of the physician-patient privilege set forth in *Alcon*. The request is granted, and Plaintiff shall provide a specific supplementation on or before May 7, 2008.

9

## V. CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that State Farm's Motion to Compel re: Plaintiff's Response to State Farm's First Set of Requests for Production of Documents and First Set of Interrogatories [Filed February 29, 2008; Docket #76] and State Farm's Motion to Compel re: Plaintiff's Responses to State Farm's Second Set of Requests for Production of Documents and Second Set of Interrogatories [Filed March 4, 2008; Docket #82] are **granted in part and denied in part** as specified herein. Plaintiff is directed to supplement her responses as ordered on or before May 7, 2008. Defendant shall submit to the Court a list of providers for which medical releases are requested on or before May 9, 2008, and Plaintiff shall file her objections on or before May 12, 2008.

Dated at Denver, Colorado, this 28th day of April, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge