IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00385-WYD-MEH

CHARLOTTE BISHELLI,

    Plaintiff,
v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and CYNTHIA LIPSCOMBE,

    Defendants.

---

**ORDER FOR RELEVANT MEDICAL RELEASES**

---

In conjunction with its Ruling on Defendant State Farm's Motions to Compel, the Court directed Defendant to submit a list of medical providers for which a medical release is requested. Defendant has done so (dock #112), and Plaintiff has filed her objections the proposed list (dock#113). Based on the scope of Colorado's waiver rule for personal injury cases, *see Alcon v. Spicer*, 113 P.3d 735, 739 (Colo. 2005), the Court orders that medical releases be signed by Plaintiff as follows:

Lorne Label, M.D.

Dr. Label conducted a nerve conduction study on EMG in 1995 because of Plaintiff's continued reports of pain in her neck, shoulders, upper extremities, as well as her lower back and right lower extremity. Defendant argues that, because a nerve conduction study was conducted on Plaintiff after that accident in this case, the results of Dr. Label's nerve conduction study and EMG on Plaintiff from 1995 are relevant. While the mere fact that the same test was conducted in the past does not make it relevant, Dr. Label's treatment of Plaintiff's neck and lower back pain is relevant to Plaintiff's claims in this case. Defendant's request is **granted**.

Alex Gazui, M.D.

Dr. Gazui treated Plaintiff for severe pain to the neck and back region in 1992. Although significant time has passed, this is relevant to Plaintiff's decision to undergo back surgery, for which she claims Defendant's are responsible. Accordingly, Defendant's request is **granted**.

Ronald Lawrence, M.D.

Plaintiff received trigger point injections from Dr. Lawrence to alleviate her back and neck pain after she was treated by Dr. Garzui. Similar to Dr. Garzui, this medical information relating to her back and neck is relevant to her claims in this case, and Defendant's request is **granted**.

Stephen Matlin, M.D. (Psychiatrist); Lorin Linder, Ph.D. (Psychologist); Jerome Schulte, M.D. (Psychiatrist); Karl Bergenstal, Ph.D. (Psychologist); Stanley L. Goodman, M.D. (Psychiatrist)

Defendant argues that Plaintiff has injected her mental condition into this lawsuit by seeking damages for mental suffering and psychiatric care. As explained in Plaintiff's objections, she seeks limited medical expenses for the mental examination undergone to determine whether she was a good surgical candidate. Aside from these expenses, Plaintiff represents that she brings only a claim of mental suffering, which is incidental to her underlying injuries. While seeking costs of counseling can weigh in favor of a finding that Plaintiff has waived her psychotherapist-patient privilege, the fact that Plaintiff will not have any experts in psychology, psychiatry, or psychotherapy testify at trial undercuts an implied waiver. Based on Plaintiff's representations that she seeks only a generic claim of mental suffering, she has not waived her psychotherapist-patient privilege. *Hoffman v. Brookfield Republic, Inc.*, 87 P.3d 858, 863 (Colo. 2004). Defendant further contends that, because her request for permanent disability from Social Security was based on physical and psychological information, her request for lost wages and income has made her

psychological information relevant. The Court disagrees. While the fact that she applied for disability is relevant to her claim for lost wages, the underlying psychological information is not relevant to this case. Defendant's request for these release is, therefore, **denied**.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff is directed to sign the medical releases provided by Defendant State Farm for Drs. Label, Gazui, and Lawrence on or before **June 13, 2008**.

Dated at Denver, Colorado, this 6th day of June, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge